# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **LYNDON WILLIAMS,** | : | |
| Petitioner, | : | |
| v. | : | Civ. Action No. 7:98-cv-104 (HL) |
| **UNITED STATES OF AMERICA**, | : | Crim. Action No. 7:96-cr-41 (HL) |
| Respondent. | : | |

## ORDER

This matter is before the Court on Petitioner's Omnibus Motion to Modify Term of Imprisonment under Title 18 United States Code, Section 3582(c)(2) [doc 72].  After consideration of the Motion, the Court denies the same as more fully set forth below.

Petitioner, Lyndon Williams, entered a plea of guilty in this Court on August 20, 1997, and was subsequently sentenced to a term of imprisonment of 180 months. After the sentence became final, Williams filed a Motion to Vacate under 28 U.S.C. § 2255.  The § 2255 Motion was denied in an order that become final on April 11, 2003.

In the Motion presently before the Court, Williams asks to have his sentence reduced by two levels, to remove an enhancement that he received at sentencing for possession of a dangerous weapon in connection with a drug offense.  Williams contends that the sentence reduction is mandated by the recent decision of the Supreme Court of the United States in United States v. Booker, ____ U.S. ____, 125 S. Ct. 738 (2005).  In Booker, the Court held that

the Sixth amendment is violated by the mandatory imposition of an enhanced sentence under the sentencing guidelines when the sentencing judge bases his determination on a fact not found by a jury or admitted by the defendant, even though the sentence is within the statutory maximum set by Congress. Id. at 756.

The Court reasoned in Booker that in a mandatory guideline sentencing scheme the relevant "statutory maximum" is the maximum prescribed by the sentencing guidelines, not the maximum prescribed by Congress. As the Court explained, the mandatory nature of the sentencing guidelines, in effect, changed the "statutory maximum" by *requiring* judges to impose greater sentences based on facts found by using a preponderance of the evidence standard. Booker, 125 S. Ct. at 749. Rather than limit the factfinding ability of judges, the Supreme Court struck down those sections of the sentencing guidelines that made them mandatory. As a result, the sentencing guidelines are now advisory only.

Williams argues that as a result of the decision in Booker, he is entitled to seek modification of his sentence as permitted by 18 U.S.C.A. § 3582(c). Section 3582(c) provides, in part, as follows: "The court may not modify a term of imprisonment once it has been imposed except that . . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment." 18 U.S.C.A. § 3582(c)(2) (West 2000). Williams appears to contend either that the decision in Booker served to lower the sentencing range under which he was sentenced, or that in light of the

decision in Booker, it is inevitable that the Sentencing Commission will lower the sentencing range. Williams will not prevail under either theory.

The language of 18 U.S.C.A. § 3582(c)(2) on which Williams relies permits a court to modify a sentence only when the sentencing range under which a defendant was initially sentenced "has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C.A. § 3582(c)(2) (West 2000). Section 994(o) of Title 28 directs the Sentencing Commission to consult with certain specified authorities about the guidelines and, where appropriate, to make such changes to the guidelines as might be warranted. 28 U.S.C.A. § 994(o) (West 1993). The decision of the Supreme Court in Booker, holding that the sentencing guidelines are advisory rather than mandatory, does not satisfy the provisions of § 3582(c)(2) because it was not the Sentencing Commission that acted, but the Supreme Court. Thus, the decision in Booker does not authorize a district court to modify an otherwise final sentence in the manner permitted by § 3582(c)(2). *See* United States v. Joseph, No. 04-13804, 2005 WL 1038766, at *3 (11th Cir. May 4, 2005) (unpublished opinion) (stating that Booker was not applicable in a case brought under § 3582(c)(2)).

Furthermore, § 3582(c)(2) does not permit a district court to modify a sentence based on changes in the guidelines that might be anticipated. Williams' contention, however accurate, that the decision in Booker is certain to bring about changes in the sentencing guidelines, does not entitle him to a modification of his sentence before any changes have occurred. The language of § 3582(c)(2) does not invite modifications based on anticipated changes in the

guidelines; rather the language of § 3582(c)(2) clearly permits such modifications only after a sentencing range has, in fact, been lowered.

Contrary to the arguments suggested by Williams, the reach of the decision in Booker is limited by language within the decision. In Booker, the Supreme Court directed that its holding would apply to all cases on direct review. Booker, 125 S. Ct. at 769. Williams' case is no longer on direct review and, therefore, the decision in Booker cannot be used to modify his sentence. Moreover, courts construing the effect of Booker have concluded that the constitutional rule announced in Booker does not apply retroactively to § 2255 cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Therefore, even if § 2255 relief were available to Williams, he would not receive the benefit of the decision in Booker.

In view of the foregoing, therefore, the Court finds that Williams is not entitled to have his sentence modified as permitted by § 3582(c)(2). Accordingly, Petitioner's Omnibus Motion to Modify Term of Imprisonment under Title 18 United States Code, Section 3582(c)(2) is hereby denied.

**SO ORDERED**, this the _____ day of _____, 2005.

_____
**HUGH LAWSON, JUDGE**

mls