IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **LYNDON WILLIAMS,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | Civ. Action No. 7:98-cv-104 (HL) |
| | : | |
| **UNITED STATES OF AMERICA**, | : | Crim. Action No. 7:96-cr-41 (HL) |
| | : | |
| Respondent. | : | |

_____

# ORDER

Lyndon Williams has filed a Motion to Alter or Amend Judgment Under Rule 59(e) of the Federal Rules of Civil Procedure [doc 76]. In his Motion, Williams asks the Court to reconsider its Order entered May 11, 2005, in which the Court denied Williams' motion to modify his sentence. Williams contends that the Court failed to consider his argument that the decision in United States v. Booker, ____ U.S. ____, 125 S. Ct. 738 (2005), because it struck the provisions of the United States Sentencing Guidelines that made them mandatory, allows a district court to consider a motion to reduce sentence brought pursuant to 18 U.S.C.A. § 3582(c)(2), irrespective of whether the amendment relied on was one identified as retroactive in United States Sentencing Guideline § 1B1.10. The Court will address this argument here.

In enacting 18 U.S.C.A. § 3582, Congress severely limited the occasions on which a district court can modify a term of imprisonment once it has been imposed. One exception was created by 18 U.S.C.A. § 3582(c)(2), which permits a court to reduce a term of imprisonment

"in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.A. § 3582(c)(2) (West 2000).  The "applicable policy statements issued by the Sentencing Commission" are set forth at United States Sentencing Guideline § 1B1.10.

Williams contends that because the decision of the Supreme Court of the United States in Booker had the effect of making the guidelines advisory, the limitation placed on sentencing courts applying § 3582(c)(2)–that reductions must be consistent with the policy statements set forth in the Guidelines–has been removed.  This Court disagrees.

Congress, by statute, restricted the rights of district courts to reduce terms of imprisonment, mandating that such reductions be given only if (1) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission acting pursuant to its authority under 28 U.S.C.A. § 994(o) and (2) if such reduction is consistent with policy statements issued by the Commission.  18 U.S.C.A. § 3582(c)(2).  Nothing in the decision in Booker changed the directives of § 3582(c)(2): it continues to control the occasions on which a sentence may be reduced.  The fact that the policy statements to be considered in applying § 3582(c)(2) are contained in Sentencing Guidelines that are now deemed "advisory only" does not change the manner in which § 3582(c)(2) is to be applied.

Even after <u>Booker</u>, the Sentencing Commission continues to recommend amendments to Congress and sets policy for the Guidelines. *See* Prepared Testimony of Judge Ricardo H. Hinojosa, Chair United States Sentencing Commission, before the Subcommittee on Crime, Terrorism, and Homeland Security, Committee on the Judiciary, House of Representatives, February 10, 2005. Furthermore, as the Supreme Court noted in <u>Booker</u>, "the Sentencing Commission remains in place, writing Guidelines, collecting information about actual district court sentencing decisions, undertaking research, and revising the Guidelines accordingly." <u>Booker</u>, ____ U.S. at ____, 125 S. Ct. at 767. *See also* <u>United States v. Privette</u>, 129 Fed. Appx. 897, 2005 WL 995951 (Apr. 29, 2005 5th Cir.) (holding that <u>Booker</u> is inapplicable to a § 3582(c)(2) motion). Thus, statutes, such as § 3582(c)(2), which defer to the Sentencing Commission for determinations as to their application, remain viable.

Williams' request for reconsideration is premised on the contention that this Court has the authority to reduce his sentence pursuant to 18 U.S.C.A. § 3582(c)(2) without reference to United States Sentencing Guideline § 1B1.10. The Court finds this contention unpersuasive. Therefore, Williams' Motion to Alter or Amend Judgment Under Rule 59(e) is hereby denied.

**SO ORDERED**, this the 21st day of June, 2005.


        s   Hugh Lawson
        **HUGH LAWSON, JUDGE**

mls