# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **LYNDON WILLIAMS,** | : | |
| Petitioner, | : | |
| v. | : | Civ. Action No. 7:98-cv-104 (HL) |
| **UNITED STATES OF AMERICA**, | : | Crim. Action No. 7:96-cr-41 (HL) |
| Respondent. | : | |

## ORDER

This matter is before the Court on Petitioner's Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure (doc 82). After consideration of the Motion, the Court denies the same as more fully set forth below.

Petitioner, Lyndon Williams, entered a plea of guilty in this Court on August 20, 1997, and was subsequently sentenced to a term of imprisonment of 180 months. After the sentence became final, Williams filed a Motion to Vacate under 28 U.S.C.A. § 2255. The § 2255 Motion was denied on the merits in an order that become final on April 11, 2003. In 2005, Williams filed a Motion to Modify under 18 U.S.C.A. § 3582(c)(2), which was denied and, thereafter, filed a Motion for Reconsideration, which was also denied. Williams subsequently filed the Motion for Relief from Judgment under Rule 60(b) at issue here. In his Motion for Relief from Judgment under Rule 60(b), Williams maintains that he was the victim of a fraud upon the Court which began with the prosecution and trial of his case and which continued through the

determination of his § 2255 Motion to Vacate. He seeks, therefore, on the basis of Rule 60(b)(3) to have the Court set aside his conviction and judgment and order his immediate release.

> Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). As the plain language of Rule 60(b) demonstrates, Williams is time-barred from bringing under Rule 60(b)(3) challenges to his conviction and judgment and the subsequent denial of his § 2255 Motion. Williams' conviction and judgment became final in 1997 and his § 2255 Motion became final in 2003. Thus, the one-year period that Williams had for bringing a Rule 60(b)(3) motion has already passed.

Furthermore, even if the Court were to construe Williams' Rule 60(b) Motion as timely, it must still be denied. Although couched in terms of a Rule 60(b) motion, Williams' Motion is nothing more than another attempt to attack his underlying conviction and sentence and, as a result, is a second or successive § 2255 motion which is barred by the terms of § 2255. Section 2255 provides that a second or successive motion must be certified by a panel of the appropriate court of appeals before such a motion can be considered by the district court. 28

U.S.C.A. § 2255.  No such certification has been obtained here.

The Supreme Court of the United States recently confirmed, in the context of a § 2254 motion, that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly."  Gonzalez v. Crosby, ____ U.S. ____, 125 S. Ct. 2641, 2647 (2005).  In Gonzalez, the Court held that not all Rule 60(b) motions are subject to the restrictions that apply to second or successive habeas petitions, such as those restrictions contained in § 2255, but acknowledged that using Rule 60(b) to present new claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts."  Id. at ____, 125 S. Ct. at 2647.

Although couched in the language of Rule 60(b), and relying on allegations of fraud to support his challenge,[1] Williams' Motion is clearly an attempt to relitigate the merits of claims that could have or should have been raised in his first § 2255 motion.  As such, his Motion is not a true Rule 60(b) Motion but, instead, is an attempt to circumvent the successive petition requirements of § 2255.  Accordingly, the Motion for Relief from Judgment under Rule 60(b)

---

[1] Fraud was specifically recognized by the Supreme Court in Gonzalez as a possible basis for a Rule 60(b) motion that would not be inconsistent with the habeas statutes.  The Court expressed that a claim of fraud would likely present a claim of a "defect in the integrity of the federal habeas proceedings" rather than a claim going to the merits of the underlying case.  Gonzalez, ____ U.S. at ____, 125 S. Ct. at 2648 n.5.  Nevertheless, this Court does not believe that the Supreme Court meant to suggest that all Rule 60(b) motions alleging fraud should be allowed to go forward, even where they clearly circumvent the successive-petition bar.

is hereby denied.

**SO ORDERED**, this the 8th day of August, 2005.

                                                    **s/   Hugh Lawson**
                                                  **HUGH LAWSON, JUDGE**

mls